## Silas Williams, Administrator, Appellee, v. Mt. Vernon Car Manufacturing Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Jefferson county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918. Rehearing denied and opinion modified and refiled June 22, 1918.

### Statement of the Case.

Action by Silas Williams, administrator of the estate of Willie Williams, deceased, plaintiff, against Mt. Vernon Car Manufacturing Company, defendant,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to recover for the death of plaintiff's intestate while employed by defendant. From a judgment for plaintiff for $5,000, defendant appeals.

G. GALE GILBERT, HARMAN GILBERT and ROBERT M. FARTHING, for appellant.

CONRAD SCHUL, HART & HART and MOSES PULVERMAN, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 537*—*when declaration in action for death of servant is sufficient.* In an action to recover damages for the death of an employee, the declaration *held* to set forth the elements essential to constitute a good cause of action.

2. MASTER AND SERVANT, § 198*—*when employer negligent as to warning servant going between cars.* If an employer is guilty of negligence in failing to give warning before an employee starts between cars in its yard that the cars are going to be moved, it cannot excuse itself by saying it gave warning at the moment the employee was in peril without showing that he understood the warning and that it was given under such circumstances that he could have escaped from the impending danger.

3. MASTER AND SERVANT, § 717*—*when sufficiency of warning to servant going between cars is question for jury.* In an action to recover for the death of an employee, alleged to have been caused by the moving of cars in the employer's yard without proper warning, where the evidence shows that the yard was noisy and is conflicting as to the nature of the warning, and some witnesses testify that they heard the warning and others that they did not hear it, the sufficiency of the warning is a question for the jury.

4. MASTER AND SERVANT, § 103*—*when servant is engaged in performance of duties.* An employee who is returning to the part of his employer's plant from his employer's supply shop where he has been to procure material for use in his work is engaged in the performance of his duties.

5. MASTER AND SERVANT, § 683*—*when evidence sustains verdict for death of car factory employee killed by moving cars.* In an

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

action to recover for the death of an employee killed by the moving of cars in the yard of his employer's car factory as he was passing between them, evidence examined and *held* sufficient to support a verdict for the plaintiff.

6. WORKMEN'S COMPENSATION ACT, § 1*—*what was effect of repeal of Act of 1911 by Act of 1913 on common-law defenses, and how preserved.* The repeal of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*) by the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*] did not have the effect of putting in force the common-law defenses of contributory negligence, assumed risk and negligence of a fellow-servant as to a right of action existing at the time the Act of 1911 was in force, but section 32 of the Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(32)] and section 4 of chapter 131 (J. & A. ¶ 11105) preserve rights of action existing at the time the Act of 1913 took effect.

7. WORKMEN'S COMPENSATION ACT, § 12*—*when instructions are properly refused.* Instructions which ignore the rights of plaintiff under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), which was in effect when plaintiff's cause of action accrued, are properly refused.

8. APPEAL AND ERROR, § 1650*—*when error in instruction on damages is cured.* In an action to recover for the death of an employee, even though one of plaintiff's series of instructions omits to state that the contributory negligence of deceased is to be considered in reducing the amount of the recovery, such omission is cured by a subsequent instruction which states that if the jury find that the death was proximately caused by the contributory negligence of deceased, "they must consider such contributory negligence in reducing such amount of damages they will allow in event they do allow damages."

9. APPEAL AND ERROR, § 1523*—*when instructions in language of statutes not reversibly erroneous.* In an action to recover for the death of an employee, even though it may not be proper, it is not reversible error to give instructions in the language of the statutes.

10. APPEAL AND ERROR, § 812*—*when error on ground of improper argument of counsel not reviewable.* Error charged on the ground of improper argument of counsel will not be considered where the objectionable remarks are not preserved in the bill of exceptions but are merely included in the affidavit on the motion for a new trial.

11. APPEAL AND ERROR, § 365*—*when new point may not be made.* A new point cannot be made for the first time on a petition for rehearing.